10-1911-ag
Lin v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

| | |
|---|---|
| **SHITENG DONG v. HOLDER,**[1] <br> **A073 557 296** | **08-3018-ag** |

_____

| | |
|---|---|
| **JINSAI GAO v. HOLDER,** <br> **A073 651 682** | **09-4028-ag** |

_____

| | |
|---|---|
| **MIN XIU HAN v. HOLDER,** <br> **A095 476 767** | **09-4074-ag** |

_____

| | |
|---|---|
| **MING ZHONG ZHANG, A.K.A. MINGZHONG** <br> **ZHANG v. HOLDER,** <br> **A072 182 417** | **09-4795-ag** |

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

QIU MEI WANG, DING TIAN SHI
v. HOLDER,                                              09-5116-ag (L);
A097 852 121                                            09-5152-ag(Con)
A073 133 332

_____

YUSHEN JIANE, A.K.A. YU ZHEN JIANG,
a.k.a. KEIKO AKI SADA v. HOLDER,                       09-5264-ag
A072 830 286

_____

FENG MEI LIN v. HOLDER,                                10-29-ag
A077 318 283

_____

NENG QUAN WANG v. HOLDER,                              10-57-ag
A099 927 095

_____

YUN LI v. HOLDER,                                      10-168-ag
A074 235 378

_____

LIN YING ZHENG v. HOLDER,                              10-295-ag
A077 998 402

_____

XIU JING WANG v. HOLDER,                               10-475-ag
A073 185 389

_____

MIN XING LIN v. HOLDER,                                10-965-ag
A077 714 475

_____

SHU GUI CHEN v. HOLDER,                                10-968-ag
A073 608 654

_____

XIN YAO LIU v. HOLDER,                                 10-1032-ag
A073 568 404

_____

08012011-1-28

YE LIN v. HOLDER,
A072 054 302                                                    10-1322-ag

_____

HUI YONG ZHOU v. HOLDER,
A070 528 767                                                    10-1407-ag

_____

HUA LIN v. HOLDER,
A099 589 605                                                    10-1413-ag

_____

ZHIFANG ZCANG-CHEN, A.K.A. ZHI-FANG
CHEN v. HOLDER,                                                 10-1454-ag
A074 324 611

_____

YI LUAN LIN v. HOLDER,
A074 234 673                                                    10-1501-ag

_____

XIN LIN v. HOLDER,
A078 016 148                                                    10-1911-ag

_____

YUAN XIU LI v. HOLDER,
A072 780 314                                                    10-2033-ag

_____

GUO YAN CHEN v. HOLDER,
A076 506 678                                                    10-2306-ag

_____

ZHONG YAN ZHENG v. HOLDER, ET AL.,
A072 485 094                                                    10-2362-ag

_____

ER SHENG LAN v. HOLDER,
A075 776 712                                                    10-2431-ag

_____

TIANXING ZHENG v. HOLDER,
A073 676 625                                                    10-2462-ag

_____

08012011-1-28

**JINBEI ZHAO, A.K.A. KAZUMI MILYATA v. HOLDER,**                    10-2526-ag
**A077 107 399**

_____

**HENG-LUN CHEN v. HOLDER,**                    10-2633-ag
**A073 523 956**

_____

**LI MIN WEI v. HOLDER,**                    10-2704-ag
**A073 042 018**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge denying a motion to reopen or denying a motion to reopen in the first instance. The applicable standards of review by this Court are well-established. _See Jian Hui Shao v. Mukasey_, 546 F.3d 138, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's coercive population control program. For largely the same reasons as this Court set forth in _Jian Hui Shao_, 546 F.3d at 158-73, we find no error in the BIA's decisions. While the petitioners in _Jian Hui Shao_ were from Fujian Province, as are most of the petitioners

here, one of the petitioners[2] is from Zhejiang Province.  As with the evidence discussed in *Jian Hui Shao* related to Fujian Province, her evidence related to Zhejiang Province was deficient in some instances because it does not discuss forced sterilizations and in the remainder because it references isolated incidents of persecution of individuals who are not similarly situated to the petitioner.  *See id.* at 160-61, 170-71.  The BIA did not err in declining to credit some of the petitioners'[3] unauthenticated evidence in light of an underlying adverse credibility determination.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Two of the petitioners[4] argue that the agency applied an incorrect burden of proof by requiring them to establish a certainty of persecution.  To the contrary, in those cases, the agency either reasonably relied on their failure to demonstrate changed country conditions or explicitly applied the appropriate *prima facie* standard.  *See Jian Hui Shao*, 546 F.3d at 168.

---

[2]The petitioner in *Xiu Jing Wang v. Holder*, No. 10-475-ag.

[3]The petitioners in *Ming Zhong Zhang v. Holder*, No. 09-4795-ag; *Feng Mei Lin v. Holder*, No. 10-29-ag; *Xiu Jing Wang v. Holder*, No. 10-475-ag; *Min Xing Lin v. Holder*, No. 10-965-ag; *Xin Lin v. Holder*, No. 10-1911-ag; *Yuan Xiu Li v. Holder*, No. 10-2033-ag; and *Tianxing Zheng v. Holder*, No. 10-2462-ag.

[4]The petitioners in *Hua Lin v. Holder*, No. 10-1413-ag; and *Li Min Wei v. Holder*, No. 10-2704-ag.

Four of the petitioners[5] argue that the BIA erred in discounting notices they submitted, purportedly issued by family planning officials, solely because they were unauthenticated. While the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), the notices were not material to petitioners' claims because they merely referenced the family planning policy's mandatory sterilization requirement without indicating that such sterilizations are performed by force, *see Jian Hui Shao*, 546 F.3d at 165, 172.

In *Feng Mei Lin v. Holder*, No. 10-29-ag, we decline to either consider the extra-record evidence petitioner submitted or remand for the agency to do so. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007). Because the agency did not err in finding that the petitioners in *JinSai Gao v. Holder*, No. 09-4028-ag, *Neng Quan Wang v. Holder*, No. 10-57-ag, and *Yi Luan Lin v. Holder*, No. 10-1501-ag, failed to demonstrate their *prima facie* eligibility for relief, and because that finding was dispositive of their motions to reopen, we need not consider the additional arguments raised in their briefs. *See Jian Hui Shao*, 546 F.3d at 168.

---

[5]The petitioners in *Shu Gui Chen v. Holder*, No. 10-968-ag; *Ye Lin v. Holder*, No. 10-1322-ag; *Hui Yong Zhou v. Holder*, No. 10-1407-ag, and *Heng-Lun Chen v. Holder*, No. 10-2633-ag.

We are without jurisdiction to consider two of the petitions[6] to the extent they challenge the agency's underlying denial of the petitioners' applications for asylum and related relief because petitioners did not timely petition for review of those decisions. *See* 8 U.S.C. § 1252(b)(1); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[6]The petitioners in *Shiteng Dong v. Holder*, No. 08-3018-ag; and *Guo Yan Chen v. Holder*, No. 10-2306-ag.